IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

**SPARK ENERGY, LLC, SPARK ENERGY GAS, LLC, MAJOR ENERGY ELECTRIC SERVICES LLC**

*Plaintiffs,*

v.

**KWAME RAOUL**, in his individual capacity and in his official capacity as the Attorney General of the State of Illinois,

*Defendant.*

Case No. _____

## **COMPLAINT**

Spark Energy, LLC, Spark Energy Gas, LLC, and Major Energy Electric Services LLC, submit the following Complaint.

### Introduction

1. Contingency fee plaintiffs' lawyers are not the equivalent of public officials.

2. The former are profit seeking private actors, while the latter are vested with enormous state powers but are, in turn, subject to constitutional and statutory limitations and ultimately to the judgment of voters.

3. Kwame Raoul is the current Attorney General of the State of Illinois and wields the power that the Illinois Constitution vests in that Executive Branch office.

4. As Illinois' Attorney General, Attorney General Raoul is using private, profit seeking, contingency-fee law firms to pursue punitive civil claims against Spark Energy, LLC, and Spark Energy Gas, LLC, and Attorney General Raoul and those firms are doing so in violation of

a release and a Consent Decree entered into between Attorney General Raoul and Major Energy Electric Services LLC, an affiliate of Spark Energy and Spark Energy Gas.

5. The neutrality doctrine precludes Attorney General Raoul from using private law firms to pursue punitive litigation against Spark Energy and Spark Energy Gas. Attorney General Raoul's use of private contingency fee law firms to do the public-official work of the Attorney General's office violates the Plaintiffs' due process rights under the Fourteenth Amendment to the United Constitution and also violates the Illinois Constitution.

## Parties

6. Spark Energy is a Texas limited liability company with its principal place of business in Texas.

7. Spark Energy Gas is a Texas limited liability company with its principal place of business in Texas.

8. Major Energy is a New York limited liability company with its principal place of business in Texas.

9. Spark HoldCo, LLC is the sole member of each of Spark Energy, Spark Energy Gas, and Major Energy. Spark HoldCo is a Delaware limited liability company with its principal place of business in Texas.

10. Attorney General Raoul is the Attorney General of the state of Illinois. He is an Illinois resident.

## Jurisdiction and Venue

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because of the violation of the Plaintiffs' federal constitutional rights and 42 U.S.C. § 1983.

12. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

13. Attorney General Raoul is subject to personal jurisdiction in this forum.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2). The Plaintiffs have customers throughout the state of Illinois, including in this district. Attorney General Raoul's litigation against the Spark entities, and the former litigation against Major Energy, involves(ed) the Plaintiffs' operations throughout Illinois, including in this district. The Attorney General performs duties of his office in this district.

## Background

15. Illinois deregulated its electric and gas supply industries in the 1990s.

16. The deregulation of those industries introduced competition to the marketplace for the supply of gas and electricity to consumers. Before deregulation, utility companies monopolized those markets, subject to regulation by the Illinois Commerce Commission ("ICC").

17. Spark Energy is an Alternative Retail Electricity Supplier ("ARES") in Illinois, licensed by the ICC.

18. Spark Energy Gas is an Alternative Gas Supplier ("AGS") in Illinois, licensed by the ICC.

19. Major Energy is also an ARES in Illinois, licensed by the ICC.

## Attorney General Action against Major Energy

20. In May 2018, Lisa Madigan, then the Attorney General of Illinois, filed a Complaint against Major Energy at No. 2018 CH 4549 in the Chancery Division of the Circuit Court of Cook County, Illinois claiming that Major Energy had violated Illinois' Consumer Fraud and Deceptive Business Practices Act and Illinois' Telephone Solicitations Act. A copy of that Complaint is attached as **Exhibit A**.

21. During the course of that litigation, Major Energy expressly disclosed to the Attorney General that Major Energy was part of the same family of companies as the Spark entities.

### The Attorney General's Broad Release of Major Energy and its Affiliates

22. After extended and expensive litigation and negotiations, Attorney General Raoul (who had by then succeeded Attorney General Madigan) reached a settlement with Major Energy.

23. The parties negotiated and agreed to a Final Judgment and Consent Decree that the State Chancery Court adopted and entered on August 16, 2019.

24. The Consent Decree includes the following:

> As of the Effective Date, the Attorney General *shall release and discharge Major and each and all of its past and present* parents, subsidiaries and divisions, *affiliates*, predecessors, successors, assigns, directors, officers, employees, and agents from all civil claims that the Attorney General could have brought *relating to the acts and practices alleged in the Complaint* through the Effective Date.

(Emphasis added.)

### Attorney General's New Action against Spark Energy and Spark Energy Gas

25. Spark Energy, Spark Energy Gas, and Major Energy are sister companies. Since 2016, the companies have shared common ownership. They are affiliates.

26. The senior managers of Major Energy are also the senior managers of the Spark entities.

27. Third-party vendors that provided sales and marketing services for Major in Illinois also provided sales and marketing services for Spark in Illinois.

28. On January 16, 2025, Attorney General Raoul filed a Complaint against Spark Energy and Spark Energy Gas at No. 2025 CH 00428 in the Chancery Division of the Circuit Court of Cook County, Illinois. A copy of that Complaint is attached as **Exhibit B**.

29. Attorney General Raoul's Complaint against Spark Energy and Spark Energy Gas closely parallels the allegations the Attorney General made against Major Energy.

**Attorney General's Use of Private Law Firms to Pursue Claims against Spark Energy and Spark Energy Gas**

30. Three private law firms are counsel of record as "Special Assistant Attorneys General" in the action against Spark Energy and Spark Energy Gas.

31. On information and belief, the Attorney General and/or the State of Illinois have engaged the private practice lawyers to act as legal counsel in the action against Spark Energy and Spark Energy Gas.

32. On information and belief, the private law firms are involved in those proceedings on a contingency fee basis.

33. The private practice lawyers who are working on that case as Plaintiff's counsel are not employees of the State of Illinois.

34. They are not on the Attorney General's payroll.

35. They do not receive a salary from the State of Illinois or from the Attorney General.

**Illinois Constitution**

36. The Preamble to the Illinois Constitution calls for the maintenance of a "representative and orderly government" in order to, *inter alia*, "assure legal, social and economic justice."

37. Article I, Section 2 of the Illinois Constitution provides that "no person shall be deprived of life, liberty or property without due process of law…."

38. Article II, Section 1 of the Illinois Constitution forbids one branch of state government from exercising "powers properly belonging to another."

39. Article V, Section 1 of the Illinois Constitution makes the Attorney General part of the Executive Branch of Illinois' government.

40. Article V, Section 15 of the Illinois Constitution states that the Attorney General "shall be the legal officer of the State, and shall have the duties and powers that may be prescribed by law."

41. Article V, Section 21 of the Illinois Constitution states that Executive Branch officers, like the Attorney General, "shall be paid salaries established by law and shall receive no other compensation for their services."

42. Article VIII, Section 2(b) of the Illinois Constitution states that the General Assembly "shall make appropriations for all expenditures of public funds by the State."

43. The General Assembly has made no appropriation to compensate the lawyers and law firms serving as Special Assistant Attorneys General in Attorney General Raoul's action against the Spark entities.

## United States Constitution

44. The Fourteenth Amendment to the United States Constitution prohibits states from depriving "any person of life, liberty, or property, without due process of law."

45. Under the neutrality doctrine, due process proscribes the pursuit of criminal or punitive state actions by anyone who is not a sufficiently neutral public official.

### COUNT I
### 42 U.S.C. § 1983
### Due Process - Fourteenth Amendment
### Plaintiffs v. Defendant, in his individual capacity

46. The Plaintiffs incorporate by reference paragraphs 1 through 45 of this Complaint.

47. Under the Fourteenth Amendment, a State cannot subject a citizen to a criminal, quasi-criminal, or punitive action pursued by a state actor lacking sufficient neutrality and impartiality.

48. Attorney General Raoul's use of private, contingent-fee law firms in the action against Spark Energy and Spark Energy Gas violates the due process rights of Spark Energy and Spark Energy Gas under the Fourteenth Amendment.

49. Attorney General Raoul, in coordination with those private contingent-fee law firms, is pursuing claims against the Spark entities despite Attorney General Raoul's prior release of those claims.

50. Attorney General Raoul's improper use of private law firms has also deprived Major Energy of its due process rights because it has been deprived of the benefit of its settlement of the Attorney General's claims against Major Energy.

51. The Defendant's actions have caused and continue to cause the Plaintiffs financial and other harm.

WHEREFORE, the Defendants request that the Court enter judgment in favor of the Plaintiffs and against the Defendant and:

- declare Attorney General Raoul's use of private contingent-fee lawyers as counsel in Attorney General Raoul's pursuit of claims against Spark Energy and Spark Energy Gas unconstitutional, in violation of the Fourteenth Amendment's due process clause;

- enjoin Attorney General Raoul from the use of private law firms as counsel to pursue or assist in the pursuit of Attorney General Raoul's claims against Spark Energy and Spark Energy Gas;

- enjoin Attorney General Raoul from pursuit of the claims against Spark Energy and Spark Energy Gas in the Circuit Court of Cook County, Illinois which the Attorney General is pursuing in violation of the Plaintiffs' due process rights; and

- award the Plaintiffs compensatory and punitive damages, plus interest, costs, attorneys' fees, and any other relief to which the Plaintiffs are entitled.

## COUNT II
## 42 U.S.C. § 1983
## Due Process - Fourteenth Amendment
## Plaintiffs v. Defendant, in his official capacity

52. The Plaintiffs incorporate by reference paragraphs 1 through 51 of this Complaint.

53. Under the Fourteenth Amendment, a State cannot subject a citizen to a criminal, quasi-criminal, or punitive action pursued by a state actor lacking sufficient neutrality and impartiality.

54. Attorney General Raoul's use of private, contingent-fee law firms in the action against Spark Energy and Spark Energy Gas violates the due process rights of Spark Energy and Spark Energy Gas under the Fourteenth Amendment.

55. Attorney General Raoul, in coordination with those private contingent-fee law firms, is pursuing claims against the Spark entities despite Attorney General Raoul's prior release of those claims.

56. Attorney General Raoul's improper use of private law firms has also deprived Major Energy of its due process rights because it has been deprived of the benefit of its settlement of the Attorney General's claims against Major Energy.

WHEREFORE, the Plaintiffs request that the Court enter judgment in favor of the Plaintiffs and against the Defendant and:

- declare Attorney General Raoul's use of private contingent-fee lawyers as counsel in Attorney General Raoul's pursuit of claims against Spark Energy and Spark Energy Gas unconstitutional, in violation of the Fourteenth Amendment's due process clause;

- enjoin Attorney General Raoul from the use of private law firms as counsel to pursue or assist in the pursuit of Attorney General Raoul's claims against Spark Energy and Spark Energy Gas;

- enjoin Attorney General Raoul from pursuit of the claims against Spark Energy and Spark Energy Gas in the Circuit Court of Cook County, Illinois which the Attorney General is pursuing in violation of the Plaintiffs' due process rights; and

- award the Plaintiffs attorneys' fees and any other relief to which they are entitled, all at the Defendant's cost.

### COUNT III
### Illinois Constitution Violations
### Plaintiffs v. Defendant, in his individual capacity

57. The Plaintiffs incorporate by reference paragraphs 1 through 56 of this Complaint.

58. Attorney General Raoul's use of private contingent-fee law firms to pursue claims against Spark Energy and Spark Energy Gas violates:

9

- The Plaintiffs' due process rights under Article I, Section 2 of the Illinois Constitution;

- The separation of powers under Article II, Section 1 and Article VIII, Section 2 of the Illinois Constitution;

- Article V, Section 15 of the Illinois Constitution because the Attorney General does not have any prescribed or common law right to hire contingent-fee private law firms to pursue punitive claims against Spark Energy and Spark Energy Gas; and

- Article V, Section 21 of the Illinois Constitution because that provision expressly states that the Attorney General shall be paid a salary and receive no other compensation for his services. While the Attorney General is permitted to hire deputies and assistants to assist the Attorney General with his duties, the Attorney General cannot circumvent Article V, Section 21 by compensating his deputies or assistants in a way that the Illinois Constitution does not allow the Attorney General to be compensated.

59. The Defendant's actions have caused and continue to cause the Plaintiff's financial and other harm.

WHEREFORE, the Plaintiffs request that the Court enter judgment in favor of the Plaintiffs and against the Defendant and:

- declare Attorney General Raoul's use of private contingent-fee lawyers as counsel in Attorney General Raoul's pursuit of claims against Spark Energy and Spark Energy Gas unconstitutional, in violation of the Illinois Constitution;

- enjoin Attorney General Raoul from the use of private law firms as counsel to pursue or assist in the pursuit of claims against Spark Energy and Spark Energy Gas; and

- award the Plaintiffs' attorney' fees and compensatory and punitive damages, plus interest, costs, attorneys' fees, and any other relief to which the Plaintiffs are entitled.

## COUNT IV
## Illinois Constitution Violations
## Plaintiffs v. Defendant, in his official capacity

60.  The Plaintiffs incorporate by reference paragraphs 1 through 59 of this Complaint.

61.  Attorney General Raoul's use of private contingent-fee law firms to pursue claims against Spark Energy and Spark Energy Gas violates:

- The Plaintiffs' due process rights under Article I, Section 2 of the Illinois Constitution;

- The separation of powers under Article II, Section 1 and Article VIII, Section 2 of the Illinois Constitution;

- Article V, Section 15 of the Illinois Constitution because the Attorney General does not have any prescribed or common law right to hire contingent-fee private law firms to pursue punitive claims against Spark Energy and Spark Energy Gas; and

- Article V, Section 21 of the Illinois Constitution because that provision expressly states that the Attorney General shall be paid a salary and receive no other compensation for his services. While the Attorney General is permitted to hire deputies and assistants to assist the Attorney General with his duties, the Attorney General cannot circumvent Article V, Section 21 by compensating his deputies or assistants in a way that the Illinois Constitution does not allow the Attorney General to be compensated.

WHEREFORE, the Plaintiffs request that the Court enter judgment in favor of the Plaintiffs and against the Defendant and:

- declare Attorney General Raoul's use of private contingent-fee lawyers as counsel in Attorney General Raoul's pursuit of claims against Spark Energy and Spark Energy Gas unconstitutional, in violation of the Illinois Constitution;

- enjoin Attorney General Raoul from the use of private law firms as counsel to pursue or assist in the pursuit of claims against Spark Energy and Spark Energy Gas; and

- award the Plaintiffs attorneys' fees any other relief to which they are entitled, all at the Defendant's cost.

## Jury Demand

62. Plaintiffs hereby respectfully demands a trial by jury.

Respectfully submitted,

*/s/ Gerald L. Maatman, Jr.* _____
Gerald L. Maatman, Jr.
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Tel: (312) 499-6700
*GMaatman@duanemorris.com*

**Counsel for Plaintiffs**