# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

SPARK ENERGY, LLC et al.,

      Plaintiffs,

v.

KWAME RAOUL, in his individual
capacity and in his official capacity as the
Attorney General of the State of Illinois,

      Defendant.

No. 1:25-cv-01190-JEH-RLH

Honorable Jonathan E. Hawley

## THE ATTORNEY GENERAL'S MOTION TO DISMISS
## COUNTS I, III, AND IV AND TO STAY COUNT II

KWAME RAOUL
Attorney General of Illinois

Darren Kinkead
Office of the Attorney General
115 South LaSalle Street
Chicago, IL 60603

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................... 3

LEGAL STANDARD ............................................................................................................ 4

ARGUMENT .......................................................................................................................... 5

I.     Spark's federal due process claim in Count II should be stayed pending the
       Seventh Circuit's resolution of the same legal theory in *Sparger-Withers*. ........................ 5

II.    Plaintiffs cannot obtain damages because they do not allege the Attorney General
       is personally responsible for violating their federal due process rights. ............................ 9

III.   Sovereign immunity bars the Court from ordering the Attorney General to
       conform his conduct to the Illinois Constitution. ............................................................... 11

IV.    Plaintiffs have no cause of action for damages under the relevant provisions of the
       Illinois Constitution. ........................................................................................................ 12

V.     Major lacks Article III standing to pursue any of its claims. ............................................ 14

CONCLUSION ....................................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................... 10

*Ashley W. v. Holcomb*,
    34 F.4th 588 (7th Cir. 2022) ......................................................................11

*Badette v. Rodriguez*,
    22 N.E.3d 1210, 2014 IL App (1st) 133004.................................................. 4

*Benning v. Board of Regents*,
    928 F.2d 775 (7th Cir. 1991) ..................................................................... 12

*Bey v. Citibank, N.A.*,
    No. 20 C 5211, 2021 WL 1853231 (N.D. Ill. May 10, 2021)......................... 12

*Bourbeau v. Pierce*,
    No. 02-cv-1207-MJR, 2008 WL 370677 (S.D. Ill. Feb. 11, 2008).................. 12

*Burks v. Raemisch*,
    555 F.3d 592 (7th Cir. 2009) ..................................................................... 10

*Chicago v. Purdue Pharma L.P.*,
    No. 14 C 4361, 2015 WL 920719 (N.D. Ill. Mar. 2, 2015)............................. 7

*Cook County ex rel. Rifkin v. Bear Stearns & Co.*,
    831 N.E.2d 563, 215 Ill. 2d 466 (2005) ...................................................... 14

*Currie v. Lao*,
    592 N.E.2d 977, 148 Ill. 2d 151 (1992) ...................................................... 14

*Diamond Alternative Energy, LLC v. EPA*,
    145 S. Ct. 2121 (2025)............................................................................... 14

*Donets v. Vivid Seats LLC*,
    No. 20-cv-03551, 2020 WL 9812033 (N.D. Ill. Dec. 15, 2020)...................... 8

*e360 Insight v. The Spamhaus Project*,
    500 F.3d 594 (7th Cir. 2007)...................................................................... 15

*Ennenga v. Starns*,
    677 F.3d 766 (7th Cir. 2012) ....................................................................... 4

*Geasland v. United States*,
No. 19-cv-18-jdp, 2020 WL 359906 (W.D. Wis. Jan. 22, 2020) ..................................... 8

*Gentry v. Duckworth*,
65 F.3d 555 (7th Cir. 1995) ............................................................................................ 9

*Greenawalt v. Indiana Department of Corrections*,
397 F.3d 587 (7th Cir. 2005) .........................................................................................11

*Horshaw v. Casper*,
910 F.3d 1027 (7th Cir. 2018) ..................................................................................... 10

*Johnson v. Wexford Health Care Services, Inc.*,
No. 17-cv-1308-DRH, 2017 WL 6375775 (S.D. Ill. Dec. 12, 2017)............................... 12

*Jones v. Progressive Universal Insurance Co.*,
No. 22-cv-364-pp, 2024 WL 2874021 (E.D. Wis. June 7, 2024) ..................................... 8

*Klein v. Mettawa*,
No. 13 C 5106, 2014 WL 1661631 (N.D. Ill. Apr. 25, 2014) ......................................... 12

*Knowlton v. Wauwatosa*,
119 F.4th 507 (7th Cir. 2024) ........................................................................................11

*Laufer v. T & C Inn, LLC*,
No. 20-cv-3237, 2021 WL 5097572 (C.D. Ill. Nov. 2, 2021).................................... 5, 8, 9

*Mid-American Waste Systems, Inc. v. Gary*,
49 F.3d 286 (7th Cir. 1995) .......................................................................................... 15

*Pennhurst State School & Hospital v. Halderman*,
465 U.S. 89 (1984)....................................................................................................11, 12

*Radio Corporation of America v. Igoe*,
217 F.2d 218 (7th Cir. 1954) ...................................................................................... 5, 8

*Roberts v. Graphic Packaging International, LLC*,
No. 21-CV-750-DWD, 2021 WL 3634172 (S.D. Ill. Aug. 17, 2021)................................ 8

*Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*,
145 S. Ct. 1556 (2025)................................................................................................. 10

*Smith v. Illinois*,
No. 07 C 7048, 2008 WL 4951232 (N.D. Ill. Nov. 17, 2008) ......................................... 10

*Soo Line Railroad Co. v. Consolidated Rail Corp.*,
    965 F.3d 596 (7th Cir. 2020) ................................................................ 5

*Sparger-Withers v. Taylor*,
    No. 1:21-cv-02824-JRS-CSW, 2024 WL 473719 (S.D. Ind. Feb. 7, 2024) ............... 2, 6, 7

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ..................................................................... 15

*Stagman v. Evans*,
    No. 16 C 6043, 2017 WL 1105491 (N.D. Ill. Mar. 24, 2017) ......................... 10

*Steel Co. v. Citizens for a Better Environment*,
    523 U.S. 83 (1998) ....................................................................... 15

*Svendsen v. Pritzker*,
    91 F.4th 876 (7th Cir. 2024) ............................................................ 11

*T.S. v. Cook County*,
    67 F.4th 884 (7th Cir. 2023) ............................................................ 13

*Taylor v. Ways*,
    999 F.3d 478 (7th Cir. 2021) ............................................................ 9

*Teverbaugh ex rel. Duncan v. Moore*,
    724 N.E.2d 225, 311 Ill. App. 3d 1 (1st Dist. 2000) .................................. 12

*Tonn & Blank Construction, LLC v. Sebelius*,
    968 F. Supp. 2d 990 (N.D. Ind. 2013) .................................................. 8

*Towns v. Dethrow*,
    No. 13-cv-1269-MJR-SCW, 2016 WL 1639570 (S.D. Ill. Apr. 26, 2016) ................ 12

*Travis v. Illinois Department of Corrections*,
    No. 18-cv-00282, 2024 WL 2052067 (N.D. Ill. May 8, 2024) ......................... 12

*Whitfield v. Spiller*,
    76 F.4th 698 (7th Cir. 2023) ............................................................ 9

*Wyllie v. Flanders Corp.*,
    No. 21-cv-3078, 2021 WL 2283737 (C.D. Ill. May 28, 2021) ......................... 8

**Statutes**

15 ILCS 205/4 .......................................................................................................................... 10

220 ILCS 5/art. XVI .............................................................................................................. 3

220 ILCS 5/16-101A ............................................................................................................. 3

220 ILCS 5/art. XIX ............................................................................................................... 3

705 ILCS 505/8 ...................................................................................................................... 13

735 ILCS 5/2-619 .................................................................................................................. 4

745 ILCS 5/1 .......................................................................................................................... 13

815 ILCS 505/7 ................................................................................................................. 1, 14

## INTRODUCTION

Plaintiffs Spark Energy, LLC and Spark Energy Gas, LLC, run a scam. That's what Defendant Kwame Raoul, the Attorney General of Illinois, alleges in a complaint filed earlier this year in Cook County circuit court. *See* ECF 1-2. After conducting a thorough investigation, the Attorney General determined that these energy suppliers (collectively referred to as "Spark") have "deployed a wide variety of predatory sales tactics" over the past ten years to bamboozle Illinois consumers: gambits like "enrolling unwitting consumers in Spark services without their knowledge or consent" and falsely "promising lower rates and savings to consumers" who, to the contrary, end up shelling out "millions of dollars more for electricity and gas than" they would have if they had simply purchased those goods from the public utility. *Id.* at 1, ¶ 1.[*] Unsurprisingly, given these findings, the Attorney General sued Spark under the state's Consumer Fraud and Deceptive Business Practices Act. 815 ILCS 505/7(a).

So how did the parties to this pending Cook County consumer-fraud action end up before a federal court in Peoria on opposite sides of the "v"? To hear Spark tell it, it's because Spark is the real victim here. The gist of its complaint is that the Attorney General is using "private law firms . . . on a contingency fee basis" to prosecute his claims against Spark in state court. ECF 1 at 5, ¶ 32. Spark argues that is not allowed because "due process proscribes the pursuit of criminal or punitive state actions by anyone who is not a sufficiently neutral public official." *Id.* at 6, ¶ 45. In other words, Spark thinks the federal constitution grants it the right to select its own adversary—to micromanage a state attorney general's pursuit of state claims in state court—and to dragoon a federal court into its service so that Spark can avoid answering allegations of fraud.

---

[*] Page numbers refer to the ECF numbering at the top of the page rather than the original numbering at the bottom of the page.

Spark's argument is baseless and should be rejected. But this motion does not ask the Court to do so at this time because the Seventh Circuit is poised to address Spark's novel theory in *Sparger-Withers v. Taylor*, No. 24-1367. The district court in that case held that Indiana's practice of prosecuting civil forfeitures using private lawyers paid by contingency fees "does not violate the Due Process clause." *Sparger-Withers v. Taylor*, No. 1:21-cv-02824-JRS-CSW, 2024 WL 473719, at *7 (S.D. Ind. Feb. 7, 2024) (stating that the "use of contingency-fee private prosecutions" does not "'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental'"). The coming decision on appeal in *Sparger-Withers* should resolve whether the federal constitution imposes any limits on a state's use of private lawyers. If the Seventh Circuit affirms the district court on that ground, its holding may be dispositive of Spark's materially identical claim. Even if not, its opinion is likely to provide guidance on the scope of any restrictions the federal constitution imposes on the states' use of private counsel. For that reason, this court should stay Count II pending the Seventh Circuit's resolution of the same legal theory in *Sparger-Withers*.

In the meantime, the court should dismiss the remainder of the complaint. It asserts claims against the Attorney General in both his official and individual capacities and seeks both prospective relief and damages for purported violations of both the federal and state constitutions. But Spark fails to allege that the Attorney General was personally involved in causing its "injury," so it cannot recover damages on its federal constitutional claim. As for Spark's claims for prospective equitable relief under the state constitution, they violate sovereign immunity. Its claims for damages under the state constitution are doomed because it has failed to state a viable cause of action. And all claims brought by Spark's affiliate, Major Energy Electric Services LLC ("Major"), also fail for lack of Article III standing. Dismissing these sideshow

claims—Counts I, III, and IV—will allow the parties to focus on the heart of this matter: Spark's claims for prospective relief under the federal constitution.

## BACKGROUND

Illinois consumers may purchase electricity and gas from alternative suppliers rather than the public utility. *See* 220 ILCS 5/art. XVI, art. XIX. Spark is an alternative supplier. ECF 1 at 3, ¶¶ 15-18. The legislature's goal in authorizing alternative suppliers was to spur competition in the electricity and gas supply markets, which it hoped would "create opportunities for new products and services for customers and lower costs for users." 220 ILCS 5/16-101A(b).

Unfortunately, the Attorney General recently determined that, instead of improving options for consumers, Spark has exploited them. In January 2025, the Attorney General filed a consumer-fraud lawsuit in state court that accused Spark of "deploying fraudulent, unfair, and deceptive business practices to dupe Illinois consumers into paying inflated prices for electricity and gas." ECF 1-2 at 2, ¶ 1. It alleges that, for more than a decade, Spark "deployed a wide variety of predatory sales tactics, including enrolling unwitting consumers in Spark services without their knowledge or consent, increasing consumers' electricity rates by more than twenty percent without providing any advance notice to consumers, taking advantage of senior consumers, and promising lower rates and savings to consumers when, in reality, Spark consumers have paid millions of dollars more for electricity and gas than consumers who used the public utility as their supplier." *Id.*

Worse, it seems that this bad behavior runs in Spark's corporate family. ECF 1 at 5, ¶ 29. Back in 2018, the Attorney General's predecessor pursued "parallel[ ]" allegations of wrongdoing against Major, Spark's "sister" company. *Id.* at 3-5, ¶¶ 19-29; ECF 1-1. Those claims were resolved pursuant to a consent decree, which included a release of claims the

Attorney General "could have brought *relating to the acts and practices alleged in the Complaint*" filed in the 2018 action. ECF 1 at 4, ¶¶ 22-24. As Spark sees things, this release covers, and therefore bars the Attorney General from pursuing, all the claims he pleaded in the pending litigation. *Id.* at 1-2, ¶ 4. Illinois law allows Spark to assert this argument in a motion for involuntary dismissal of the Attorney General's complaint in state court, 735 ILCS 5/2-619(a)(6), which it did two days before filing this action in federal court, Defendants' Motion for Involuntary Dismissal at 6-8, *People ex rel. Raoul v. Spark Energy, LLC*, No. 2025 CH 428 (Ill. Cook Cty. Cir. Ct. May 12, 2025), attached as Exhibit 1; *see Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) (federal courts may take judicial notice of related state proceedings).

In this action, Spark and Major assert four claims against the Attorney General based on several constitutional theories. Counts I and II are brought under 42 U.S.C. § 1983 and contend that the Attorney General's use of "private" lawyers violates plaintiffs' due process rights under the United States Constitution. Count I is asserted against the Attorney General in his individual capacity and seeks declaratory, injunctive, and monetary relief; Count II, by contrast, is asserted against the Attorney General in his official capacity and seeks only declaratory and injunctive relief. ECF 1 at 7-9, ¶¶ 46-56. Counts III and IV contend that the Attorney General's use of "private" lawyers violates various provisions of the Illinois Constitution. Again, Count III is asserted against the Attorney General in his individual capacity and seeks declaratory, injunctive, and monetary relief, whereas Count IV is asserted against the Attorney General in his official capacity and seeks only declaratory and injunctive relief. *Id.* at 9-12, ¶¶ 57-62.

## LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

4

counsel, and for litigants." *Radio Corporation of America v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954). "When deciding whether to grant a stay, the court must consider three factors: '(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.'" *Laufer v. T & C Inn, LLC*, No. 20-cv-3237, 2021 WL 5097572, at *1 (C.D. Ill. Nov. 2, 2021).

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal for "lack of subject-matter jurisdiction." Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Soo Line Railroad Co. v. Consolidated Rail Corp.*, 965 F.3d 596, 602 (7th Cir. 2020) (cleaned up).

## ARGUMENT

The Attorney General seeks to stay litigation of Spark's Count II and moves to dismiss the remainder of the complaint. Spark's claim in Count II, which seeks prospective relief based on its view that the Attorney General's use of "private" lawyers allegedly violates its federal due process rights, should be stayed pending the Seventh Circuit's resolution of a materially identical legal theory in *Sparger-Withers*. Spark's other claims should be dismissed for failure to state a claim under Rule 12(b)(6). All of Major's claims (including Count II) should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) due to lack of standing.

**I.    Spark's federal due process claim in Count II should be stayed pending the Seventh Circuit's resolution of the same legal theory in *Sparger-Withers*.**

Spark's Count II should be stayed pending the likely resolution of the underlying legal issue by the Seventh Circuit in a currently pending appeal. Plaintiffs allege in Count II that the

Attorney General's "use of private, contingent-fee law firms in the action against Spark Energy and Spark Energy Gas violates the due process rights of Spark Energy and Spark Energy Gas under the Fourteenth Amendment" to the United States Constitution. ECF 1 at 8, ¶ 54. As plaintiffs see it, under "the neutrality doctrine, due process proscribes the pursuit of criminal or punitive state actions by anyone who is not a sufficiently neutral public official." *Id.* at 6, ¶ 45. In other words, plaintiffs contend that their due process rights are violated because the contingency-fee lawyers prosecuting consumer-fraud claims against them in Cook County circuit court have a financial interest in the outcome. *Id.* Plaintiffs ask the Court to declare that the Attorney General's use of contingency-fee lawyers is unconstitutional and to enjoin him from using "private law firms as counsel to pursue or assist in the pursuit of [his] claims against Spark Energy and Spark Energy Gas." *Id.* at 7-8.

The same due process theory is pending before the Seventh Circuit in *Sparger-Withers v. Taylor*, No. 24-1367. There, in the decision below, the district court penned a thorough and thoughtful opinion emphatically rejecting it. *Sparger-Withers*, 2024 WL 473719. As the plaintiff-appellant put it in her opening brief before the Seventh Circuit, the district court found "that due process imposes no constraint at all on prosecutors' having a financial stake in their cases, civil or criminal." Brief of Appellant at 10, *Sparger-Withers v. Taylor*, No. 24-1367 (7th Cir. Apr. 22, 2024), ECF 25; *compare id.* at 2 ("The issue presented on appeal is whether [Indiana's] system of contingency-fee forfeiture prosecutions violates the Due Process Clause."), *with* Brief of Appellees at 1, *Sparger-Withers v. Taylor*, No. 24-1367 (7th Cir. July 19, 2024), ECF 53 ("One issue that the Constitution leaves to the political process is whether federal, state, and local governments should retain private counsel on a contingency-fee basis to pursue litigation. . . . [N]o precedent from the Supreme Court or [the Seventh Circuit] forbids contingency-fee

arrangements. . . . [And] the Constitution does not prescribe a particular compensation arrangement for advocates hired to press the government's position."). Accordingly, the legal argument underlying Count II is squarely before the Seventh Circuit.

There can be no serious dispute that the district court's reasoning in *Sparger-Withers* would doom the claim Spark asserts here in Count II. After all, Spark's view that "due process proscribes the pursuit of criminal or punitive state actions by anyone who is not a sufficiently neutral public official," ECF 1 at 6, ¶ 45, cannot be reconciled with the holding "that due process imposes no constraint at all on prosecutors' having a financial stake in their cases, civil or criminal," Brief of Appellant at 10. If the district court's holding was binding on Spark, Count II would have to be dismissed for failure to state a claim. Thus, the Seventh Circuit's decision in *Sparger-Withers* could well be dispositive here.

However, the Seventh Circuit would not need to adopt the district court's reasoning whole cloth for its decision to provide valuable guidance. Plaintiffs' due process theory is novel and underdeveloped; although some lower courts assume it is viable, few confirm this, and fewer still apply the theory to find a violation. *E.g.*, *Chicago v. Purdue Pharma L.P.*, No. 14 C 4361, 2015 WL 920719, at *4-5 (N.D. Ill. Mar. 2, 2015); *see* Brief of Appellant at 14-16 (citing cases); *Sparger-Withers*, 2024 WL 473719, at *1 (recognizing "some confusion in the caselaw"). Any insights that the Seventh Circuit may provide on the scope and contours of Spark's due process theory would contribute meaningfully to the limited body of caselaw that currently exists. And those insights could substantially simplify (or even resolve) the specific application of the theory to the Attorney General's use of contingency-fee lawyers to prosecute his consumer-fraud lawsuit against Spark in Cook County circuit court.

For these reasons, the Court should stay Count II to see what the Seventh Circuit has to

say in *Sparger-Withers* before requiring the Attorney General to respond to Spark's materially identical due process theory. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Radio*, 217 F.2d at 220. And there is ample precedent to confirm that the Court's power would be properly exercised here: district courts often stay proceedings pending the Seventh Circuit's resolution of a materially identical legal theory. *E.g.*, *Jones v. Progressive Universal Insurance Co.*, No. 22-cv-364-pp, 2024 WL 2874021, at *3 (E.D. Wis. June 7, 2024); *Roberts v. Graphic Packaging International, LLC*, No. 21-CV-750-DWD, 2021 WL 3634172, at *2 (S.D. Ill. Aug. 17, 2021); *Wyllie v. Flanders Corp.*, No. 21-cv-3078, 2021 WL 2283737, at *3-4 (C.D. Ill. May 28, 2021); *Donets v. Vivid Seats LLC*, No. 20-cv-03551, 2020 WL 9812033, at *3 (N.D. Ill. Dec. 15, 2020); *Geasland v. United States*, No. 19-cv-18-jdp, 2020 WL 359906, at *1 (W.D. Wis. Jan. 22, 2020); *Tonn & Blank Construction, LLC v. Sebelius*, 968 F. Supp. 2d 990, 993-95 (N.D. Ind. 2013).

The wisdom of a stay is further confirmed by the three specific factors that courts consider when presented with such a request. As explained, the Seventh Circuit's decision in *Sparger-Withers* may affirm the district court's conclusion "that due process imposes no constraint at all on prosecutors' having a financial stake in their cases, civil or criminal." Brief of Appellant at 10. Or, if the Seventh Circuit disagrees with the district court and concludes that due process does impose some constraints, it may identify what those constraints are. Either way, the Seventh Circuit is likely to provide much-needed guidance on what the law is, which "'will reduce the burden of litigation on the parties and on the court'" and "'will simplify the issues in question and streamline the trial.'" *Laufer*, 2021 WL 5097572, at *1.

Meanwhile, a stay will not "unduly prejudice or tactically disadvantage" Spark. *Laufer*,

2021 WL 5097572, at *1. Neither party benefits from investing resources to litigate an important issue on an uncertain legal landscape. Plus, the Seventh Circuit heard oral argument in *Sparger-Withers* in October 2024, so its decision may arrive shortly. ECF 69. In any event, Spark has already had an opportunity to brief this same due process theory (albeit under the Illinois Constitution) in a pending motion to dismiss the Attorney General's consumer-fraud claims in Cook County circuit court. Defendants' Motion for Involuntary Dismissal at 12-14.

For all these reasons, the Court should stay Spark's claim in Count II pending the Seventh Circuit's resolution of the same legal theory in *Sparger-Withers*.

## II.     Plaintiffs cannot obtain damages because they do not allege the Attorney General is personally responsible for violating their federal due process rights.

Plaintiffs' claim against the Attorney General in his individual capacity for violation of their federal due process rights under section 1983 fails to state a claim because it does not allege his personal involvement in the alleged violation. Specifically, Count I alleges that the Attorney General's "use of private, contingent-fee law firms in the action against Spark Energy and Spark Energy Gas violates the due process rights of Spark Energy and Spark Energy Gas under the Fourteenth Amendment" to the United States Constitution. ECF 1 at 7, ¶ 48. In this count, though, Plaintiffs seek not only declaratory and injunctive relief but also "compensatory and punitive damages." *Id.* at 8. Plaintiffs cannot succeed on this claim.

"'To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.'" *Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). "There is no such thing as *respondeat superior* liability for government officials under § 1983." *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021). Put differently, "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or

for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). It follows that public officials like the Attorney General are entitled to delegate their office's responsibilities to their employees and are not constitutionally compelled to answer in damages for every last action taken by each of those employees. *E.g.*, *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009); *see Stagman v. Evans*, No. 16 C 6043, 2017 WL 1105491, at *3 (N.D. Ill. Mar. 24, 2017) (dismissing section 1983 damages claim because "plaintiff alleges no personal involvement of . . . Attorney General Lisa Madigan"); *Smith v. Illinois*, No. 07 C 7048, 2008 WL 4951232, at *3 (N.D. Ill. Nov. 17, 2008) (same).

Plaintiffs do not allege that the Attorney General was personally involved in his office's decision to engage private lawyers to pursue claims against Spark under the Consumer Fraud Act. ECF 1 at 7, ¶¶ 48-49; *see* ECF 1-2 at 32 (identifying three lawyers employed by the Attorney General's office who are litigating claims against Spark). Given the Attorney General's vast responsibilities under Illinois law, *e.g.*, 15 ILCS 205/4, it is implausible to suppose that he is personally involved in all litigation decisions made by his office, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "facts that are 'merely consistent with' a defendant's liability" are insufficient); *see Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 145 S. Ct. 1556, 1568 (2025) (allegations based on "speculation" are "not enough" to survive "a motion to dismiss"). Plaintiffs' failure to allege the Attorney General's personal involvement in violating their purported constitutional rights is fatal to the section 1983 damages claim they attempt to plead in Count I.

Count I also seeks declaratory and injunctive relief against the Attorney General in his individual capacity. ECF 1 at 7-8. But this request reveals plaintiffs' misunderstanding of section

1983: "In an individual capacity suit, a plaintiff may only seek monetary damages; in an official capacity suit, a plaintiff may only seek injunctive or declaratory relief." *Knowlton v. Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024). Therefore, Count I should be dismissed in its entirety. *E.g.*, *Greenawalt v. Indiana Department of Corrections*, 397 F.3d 587, 589 (7th Cir. 2005).

### III.   Sovereign immunity bars the Court from ordering the Attorney General to conform his conduct to the Illinois Constitution.

Plaintiffs' claims for declaratory and injunctive relief against the Attorney General under the Illinois Constitution are barred by sovereign immunity. In Counts III and IV, plaintiffs claim that the Attorney General's "use of private contingent-fee law firms to pursue claims against Spark Energy and Spark Energy Gas violates" a grab bag of provisions in the Illinois Constitution. ECF 1 at 9-10, ¶ 58; *id.* at 11, ¶ 61. Plaintiffs ask the Court to "declare" this practice "unconstitutional, in violation of the Illinois Constitution," and to "enjoin" the Attorney General "from the use of private law firms as counsel to pursue or assist in the pursuit of claims against Spark Energy and Spark Energy Gas." *Id.* at 10, 11. The only difference between the counts, irrelevant for these purposes, is that Count III is brought against the Attorney General in his individual capacity and also seeks damages, while Count IV is brought against the Attorney General in his official capacity and seeks only declaratory and injunctive relief. *Id.* at 9, 11.

Sovereign immunity bars plaintiffs from seeking declaratory or injunctive relief against the Attorney General in federal court for purported violations of the Illinois Constitution. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 97-123 (1984); *see Svendsen v. Pritzker*, 91 F.4th 876, 877 (7th Cir. 2024) ("federal courts cannot grant relief against state officials based on a conclusion that they have violated state law"); *Ashley W. v. Holcomb*, 34 F.4th 588, 594 (7th Cir. 2022) ("It is improper for a federal court to issue an injunction requiring a state official to comply with state law."); *Benning v. Board of Regents*, 928 F.2d 775, 778 (7th

Cir. 1991) ("Eleventh Amendment rule enunciated in *Pennhurst* prohibits federal court from issuing declaration that state officials violated state law"). There is no "greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst*, 465 U.S. at 106. Count III should therefore be dismissed to the extent it seeks declaratory and injunctive relief (and should be dismissed as a whole for the reasons below), and Count IV should be dismissed in its entirety on sovereign immunity grounds.

## IV.    Plaintiffs have no cause of action for damages under the relevant provisions of the Illinois Constitution.

That leaves plaintiffs' request in Count III that the Court order the Attorney General to pay damages for violations of the Illinois Constitution. This too should be dismissed because it has no footing in any available cause of action. An Illinois constitutional provision authorizes "a private right of action for damages" only if it contains "language of self-execution" like: "'These rights are enforceable without action of the General Assembly.'" *Teverbaugh ex rel. Duncan v. Moore*, 724 N.E.2d 225, 228-29, 311 Ill. App. 3d 1, 4-6 (1st Dist. 2000) (quoting Ill. const. art. I, § 18); *see, e.g.*, *Travis v. Illinois Department of Corrections*, No. 18-cv-00282, 2024 WL 2052067, at *16-17 (N.D. Ill. May 8, 2024); *Bey v. Citibank, N.A.*, No. 20 C 5211, 2021 WL 1853231, at *5 (N.D. Ill. May 10, 2021); *Johnson v. Wexford Health Care Services, Inc.*, No. 17-cv-1308-DRH, 2017 WL 6375775, at *10 (S.D. Ill. Dec. 12, 2017); *Towns v. Dethrow*, No. 13-cv-1269-MJR-SCW, 2016 WL 1639570, at *10 (S.D. Ill. Apr. 26, 2016); *Klein v. Mettawa*, No. 13 C 5106, 2014 WL 1661631, at *4 (N.D. Ill. Apr. 25, 2014); *Bourbeau v. Pierce*, No. 02-cv-1207-MJR, 2008 WL 370677, at *6-7 (S.D. Ill. Feb. 11, 2008).

No such language exists in any of the Illinois constitutional provisions that plaintiffs contend the Attorney General violated by engaging private lawyers to prosecute his claims:

- **Article I, section 2.** No person shall be deprived of life, liberty or property without due

12

process of law nor be denied the equal protection of the laws.

- **Article II, section 1.** The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another.

- **Article V, section 21.** Officers of the Executive Branch shall be paid salaries established by law and shall receive no other compensation for their services. Changes in the salaries of these officers elected or appointed for stated terms shall not take effect during the stated terms.

- **Article V, section 15.** The Attorney General shall be the legal officer of the State, and shall have the duties and powers that may be prescribed by law.

- **Article VIII, section 2.** (a) The Governor shall prepare and submit to the General Assembly, at a time prescribed by law, a State budget for the ensuing fiscal year. The budget shall set forth the estimated balance of funds available for appropriation at the beginning of the fiscal year, the estimated receipts, and a plan for expenditures and obligations during the fiscal year of every department, authority, public corporation and quasi-public corporation of the State, every State college and university, and every other public agency created by the State, but not of units of local government or school districts. The budget shall also set forth the indebtedness and contingent liabilities of the State and such other information as may be required by law. Proposed expenditures shall not exceed funds estimated to be available for the fiscal year as shown in the budget. (b) The General Assembly by law shall make appropriations for all expenditures of public funds by the State. Appropriations for a fiscal year shall not exceed funds estimated by the General Assembly to be available during that year.

ECF 1 at 9-10, ¶ 58. Further, the Illinois legislature has not enacted a private right of action to enforce any of these constitutional provisions. For this reason alone, plaintiffs are not entitled to pursue damages from the Attorney General for purported violations of the Illinois Constitution.

Even if plaintiffs could identify a cause of action allowing for Count III, sovereign immunity would prevent those claims from proceeding in federal court. Illinois has waived its sovereign immunity for claims "founded upon any [state] law" or "for damages in cases sounding in tort" only to the extent those claims are pursued in the Illinois Court of Claims. 705 ILCS 505/8(a), (d); *see* 745 ILCS 5/1. This means that a federal court cannot hear them. *E.g.*, *T.S. v. Cook County*, 67 F.4th 884, 891-93 (7th Cir. 2023).

It matters not that plaintiffs purport to sue the Attorney General in his individual capacity:

"An action brought nominally against a State employee in his individual capacity will be found to be a claim against the State where a judgment for the plaintiff could operate to control the actions of the State or subject it to liability." *Currie v. Lao*, 592 N.E.2d 977, 980, 148 Ill. 2d 151, 158 (1992). A judgment requiring the Attorney General to pay damages to plaintiffs because his office engaged private lawyers to prosecute claims against Spark in the name of the "People of the State"—claims that are exclusively available to him and other state officers acting in their official capacities, *see* 815 ILCS 505/7(a); *Cook County ex rel. Rifkin v. Bear Stearns & Co.*, 831 N.E.2d 563, 568-69, 215 Ill. 2d 466, 474-75 (2005)—would operate to control the actions of the state. Count III should be dismissed to the extent it seeks damages from the Attorney General.

## V.     Major lacks Article III standing to pursue any of its claims.

On top of this, all of Major's claims should be dismissed for lack of Article III standing. "To demonstrate standing, plaintiffs must answer a basic question—'What's it to you?' In other words, plaintiffs must show that they possess a personal stake in the dispute and are not mere bystanders." *Diamond Alternative Energy, LLC v. EPA*, 145 S. Ct. 2121, 2133 (2025) (cleaned up). It's clear why Spark thinks it has standing: the Attorney General is pursuing claims against Spark in state court using private lawyers, and Spark would like this Court to forbid the Attorney General from doing so. ECF 1 at 7-12, ¶¶ 46-62; *see Diamond*, 145 S. Ct. at 2133 (standing requires plaintiff to allege an injury traceable to the defendant that can be redressed by the court).

But what's Major's beef? It simply says "it has been deprived of the benefit of its settlement" with the Attorney General because he is prosecuting claims against Spark that both entities think were released as part of that settlement. ECF 1 at 7, ¶ 50; *id.* at 9, ¶ 56. This is nothing more than an abstract interest in the proper interpretation of a legal document. Major is not a party to the Attorney General's action against Spark. It alleges no concrete injury resulting

14

from the suit against Spark—economic or otherwise. *E.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). And what does Major receive if the Court grants the plaintiffs their requested relief? Nothing tangible. At best, perhaps some "psychic satisfaction," which "is not an acceptable Article III remedy because it does not redress a cognizable Article III injury." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998).

More likely, though, Major will not even receive that. Plaintiffs wisely do not contend that their federal due process rights are being violated because the Attorney General supposedly broke the promises he made in Major's settlement agreement. After all, the opportunity to litigate this question in state court (which Spark is doing) "is all the process 'due' for ordinary claims of breach of contract." *Mid-American Waste Systems, Inc. v. Gary*, 49 F.3d 286, 291 (7th Cir. 1995). What plaintiffs contend, rather, is that their due process rights are being violated because the Attorney General is using private lawyers to prosecute his claims against Spark. ECF 1 at 6, ¶¶ 44-45. Any relief would be tailored accordingly. *E.g.*, *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604-05 (7th Cir. 2007). So there is no conceivable scenario in which this Court would engage in contract interpretation to determine whether the Attorney General's settlement agreement with Major bars him from prosecuting his claims against Spark. In other words, not only has Major failed to allege a concrete Article III injury, but the (constitutionally insufficient) injury it does allege (the Attorney General's purportedly improper interpretation of the settlement agreement) would not even be addressed (much less remedied) by the relief it seeks.

## CONCLUSION

For these reasons, the Court should stay Spark's claim in Count II, dismiss Spark's remaining claims for failure to state a claim upon which relief can be granted, and dismiss all Major's claims for lack of subject-matter jurisdiction.

Dated: August 5, 2025

Respectfully submitted,

/s/ Darren Kinkead
Darren Kinkead
Office of the Attorney General
115 South LaSalle Street
Chicago, IL 60603
(773) 590-6967
Darren.Kinkead@ilag.gov