IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **SPARK ENERGY, LLC, SPARK ENERGY GAS, LLC, and MAJOR ENERGY ELECTRIC SERVICES LLC,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**KWAME RAOUL**, in his individual capacity and in his official capacity as the Attorney General of the State of Illinois,<br><br>*Defendant.* | Case No. 1:25-cv-01190-JEH-RLH |

## AMENDED COMPLAINT

Spark Energy, LLC, Spark Energy Gas, LLC, and Major Energy Electric Services LLC submit the following Amended Complaint.

### Introduction

1. Contingency fee plaintiffs' lawyers are not the equivalent of public officials.

2. The former are profit seeking private actors, while the latter are vested with enormous state powers but are, in turn, subject to constitutional and statutory limitations and ultimately to the judgment of voters.

3. Kwame Raoul is the current Attorney General of the State of Illinois and wields the power that the Illinois Constitution vests in that Executive Branch office.

4. As Illinois' Attorney General, Attorney General Raoul is using private, profit seeking, contingency-fee law firms to pursue punitive civil claims against Spark Energy, LLC and Spark Energy Gas, LLC, and Attorney General Raoul and those firms are doing so in violation of

a release and a Consent Decree entered into between Attorney General Raoul and Major Energy Electric Services LLC, an affiliate of Spark Energy and Spark Energy Gas.

5. The neutrality doctrine precludes Attorney General Raoul from using private, self-interested law firms to pursue punitive litigation against Spark Energy and Spark Energy Gas in order to generate revenue to fund the operations and ambitions of the Attorney General's Office. Attorney General Raoul's use of private contingency-fee law firms to do the public-official work of the Attorney General's Office violates the Plaintiffs' due process rights under the Fourteenth Amendment to the United States Constitution.

## Parties

6. Spark Energy is a Texas limited liability company with its principal place of business in Texas.

7. Spark Energy Gas is a Texas limited liability company with its principal place of business in Texas.

8. Major Energy is a New York limited liability company with its principal place of business in Texas.

9. Spark HoldCo, LLC is the sole member of each of Spark Energy, Spark Energy Gas, and Major Energy. Spark HoldCo is a Delaware limited liability company with its principal place of business in Texas.

10. Attorney General Raoul is the Attorney General of the State of Illinois. He is an Illinois resident.

## Jurisdiction and Venue

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because of the violation of the Plaintiffs' federal constitutional rights and 42 U.S.C. § 1983.

12. Attorney General Raoul is subject to personal jurisdiction in this forum.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2). The Plaintiffs have customers throughout the State of Illinois, including in this district. Attorney General Raoul's litigation against the Spark entities, and the former litigation against Major Energy, involves(ed) the Plaintiffs' operations throughout Illinois, including in this district. The Attorney General performs duties of his office in this district.

## Background

14. Illinois deregulated its electric and gas supply industries in the 1990s.

15. The deregulation of those industries introduced competition to the marketplace for the supply of gas and electricity to consumers. Before deregulation, utility companies monopolized those markets, subject to regulation by the Illinois Commerce Commission ("ICC").

16. Spark Energy is an Alternative Retail Electricity Supplier ("ARES") in Illinois, licensed by the ICC.

17. Spark Energy Gas is an Alternative Gas Supplier ("AGS") in Illinois, licensed by the ICC.

18. Major Energy is also an ARES in Illinois, licensed by the ICC.

## Attorney General Action against Major Energy

19. In May 2018, Lisa Madigan, then the Attorney General of Illinois, filed a Complaint against Major Energy at No. 2018 CH 4549 in the Chancery Division of the Circuit Court of Cook County, Illinois claiming that Major Energy had violated Illinois' Consumer Fraud and Deceptive Business Practices Act and Illinois' Telephone Solicitations Act. A copy of that Complaint is attached as **Exhibit A**.

20. During the course of that litigation, Major Energy expressly disclosed to the Attorney General that Major Energy was part of the same family of companies as the Spark entities.

3

### The Attorney General's Broad Release of Major Energy and its Affiliates

21. After extended and expensive litigation and negotiations, Attorney General Raoul (who had by then succeeded Attorney General Madigan) reached a settlement with Major Energy.

22. The parties negotiated and agreed to a Final Judgment and Consent Decree that the State Chancery Court adopted and entered on August 16, 2019.

23. The Consent Decree includes the following:

> As of the Effective Date, the Attorney General *shall release and discharge Major and each and all of its past and present* parents, subsidiaries and divisions, *affiliates*, predecessors, successors, assigns, directors, officers, employees, and agents from all civil claims that the Attorney General could have brought *relating to the acts and practices alleged in the Complaint* through the Effective Date.

(Emphasis added.)

24. Attorney General Raoul issued a press release on August 19, 2019 pursuant to which he sought public and political credit for the settlement with Major Energy, and he promised to pursue future claims against other ARES.

### Attorney General's New Action against Spark Energy and Spark Energy Gas

25. Spark Energy, Spark Energy Gas, and Major Energy are sister companies. Since 2016, the companies have shared common ownership. They are affiliates.

26. The senior managers of Major Energy are also the senior managers of the Spark entities.

27. Third-party vendors that provided sales and marketing services for Major Energy in Illinois also provided sales and marketing services for the Spark entities in Illinois.

28. On January 16, 2025, Attorney General Raoul filed a Complaint against Spark Energy and Spark Energy Gas at No. 2025 CH 00428 in the Chancery Division of the Circuit Court of Cook County, Illinois. A copy of that Complaint is attached as **Exhibit B**.

29. Attorney General Raoul's Complaint against Spark Energy and Spark Energy Gas closely parallels the allegations the Attorney General made against Major Energy.

30. In the State court action, Attorney General Raoul seeks to put Spark Energy and Spark Energy Gas entirely out of business in Illinois.

### Attorney General's Use of Private Law Firms to Pursue Claims against Spark Energy and Spark Energy Gas

31. Three private law firms are counsel of record as "Special Assistant Attorneys General" ("SPAAGs") in the action against Spark Energy and Spark Energy Gas.

32. Attorney General Raoul contracted with the private practice lawyers to act as legal counsel in the action against Spark Energy and Spark Energy Gas.

33. The private law firms are involved in those proceedings on a contingency-fee basis.

34. Those firms will only receive compensation if they extract a settlement or secure a judgment against Spark Energy and Spark Energy Gas.

35. The private practice lawyers who are working on that case as Plaintiff's counsel are not employees of the State of Illinois.

36. They are not on the Attorney General's payroll.

37. They do not receive a salary from the State of Illinois or from the Attorney General.

38. The SPAAGs stand to profit economically from and thus have a personal financial interest in the initiation, pursuit, and outcome of the State court action against Spark Energy and Spark Energy Gas.

39. On January 16, 2025, Attorney General Raoul issued a press release, with his picture on top, announcing that he had sued Spark Energy and Spark Energy Gas. The press release includes quotations from Raoul pursuant to which he sought to garner for himself personal and political credit for the initiation of the action. The press release trumpets Attorney General Raoul's prior settlements with other ARES, including Major Energy.

40. Attorney General Raoul's press release also expressly references the involvement of the private-practice SPAAGs in the action, demonstrating Attorney General Raoul's personal knowledge and approval of the utilization of the private contingent-fee lawyers as SPAAGs in the action against Spark Energy and Spark Energy Gas.

### The Attorney General Office's Budget Relies Heavily on the Generation of Funds from SPAAG Actions, Fines, and Settlements

41. The use of private contingent-fee lawyers as special assistant attorneys general in Illinois goes back at least to the mid-1990's when the then-Attorney General deployed private law firms to sue tobacco companies.

42. From that time to the present, Illinois's Office of the Attorney General has become financially dependent on the revenue generated from proceedings involving SPAAGs.

43. The Attorney General Office's budget is heavily dependent on funding from settlements of civil cases.

44. Annual expenditures by the Illinois Attorney General's Office have more than doubled during Attorney General Raoul's tenure, just from 2019 to today.

45. Appropriations by the Illinois General Assembly from general revenue funds are insufficient to fund the expanding, expansive, and expensive operations of the Attorney General's Office under Attorney General Raoul.

46. During Attorney General Raoul's tenure, thirty percent or more of annual funding for the operations of the Attorney General's Office has come from fines, fees, and settlements, rather than from general revenue funds.

47. During recent testimony before the Illinois House of Representatives Appropriations Committee, Attorney General Raoul stated that, during his tenure, the funding that the Illinois General Assembly provided to fund the operations of the Attorney General's Office created "capacity problems" that would have prevented Attorney General Raoul from pursuing claims against ARES without Attorney General Raoul's use of private contingent-fee lawyers.

48. Attorney General Raoul boasted in that testimony about how his office allegedly serves as a profit center for the State of Illinois: "[F]or every dollar of General Revenue Fund that we get from the State's General Revenue Fund, we return $23.47, and I challenge you to find that in your investments."

49. There are both institutional and individual financial motivations that impermissibly distort the decisions to institute and pursue claims against ARES in Illinois, including the claims that Attorney General Raoul, in coordination with the SPAAGs, is pursuing against Spark Energy and Spark Energy Gas.

50. Attorney General Raoul made the decision to use private-practice contingent-fee lawyers to pursue claims against Illinois ARES, including Spark Energy and Spark Energy Gas. At a minimum, Attorney General Raoul is aware of and knowingly has perpetuated the use of SPAAGs to pursue claims against Illinois ARES, including the claims against Spark Energy and Spark Energy Gas.

## United States Constitution

51. The Fourteenth Amendment to the United States Constitution prohibits states from depriving "any person of life, liberty, or property, without due process of law."

52. Under the neutrality doctrine, due process proscribes the pursuit of criminal or punitive state actions by anyone who is not a sufficiently neutral public official.

**COUNT I**
**42 U.S.C. § 1983**
**Due Process - Fourteenth Amendment**
**Plaintiffs v. Defendant, in his individual capacity**

53. The Plaintiffs incorporate by reference paragraphs 1 through 52 of this Complaint.

54. Under the Fourteenth Amendment, a State cannot subject a citizen to a criminal, quasi-criminal, or punitive action pursued by a state actor lacking sufficient neutrality and impartiality.

55. Attorney General Raoul's use of private, contingent-fee law firms in the action against Spark Energy and Spark Energy Gas violates the due process rights of Spark Energy and Spark Energy Gas under the Fourteenth Amendment.

56. Attorney General Raoul's pursuit of punitive actions, like the one he, in coordination with the SPAAGs, is pursuing against Spark Energy and Spark Energy Gas, in order to raise revenue to fund his own office's operations and to otherwise add to State coffers, violates the due process rights of Spark Energy and Spark Energy Gas under the Fourteenth Amendment.

57. Attorney General Raoul, in coordination with those private contingent-fee law firms, is pursuing claims against the Spark entities despite Attorney General Raoul's prior release of those claims.

58. Attorney General Raoul's improper use of private law firms has also deprived Major Energy of its due process rights because it has been deprived of the benefit of its settlement of the Attorney General's claims against Major Energy.

59. The Defendant's actions have caused and continue to cause the Plaintiffs financial and other harm.

WHEREFORE, the Plaintiffs request that the Court enter judgment in favor of the Plaintiffs and against the Defendant and:

- declare Attorney General Raoul's use of private contingent-fee lawyers as counsel in Attorney General Raoul's pursuit of claims against Spark Energy and Spark Energy Gas unconstitutional, in violation of the Fourteenth Amendment's due process clause;

- enjoin Attorney General Raoul from the use of private law firms as counsel to pursue or assist in the pursuit of Attorney General Raoul's claims against Spark Energy and Spark Energy Gas;

- enjoin Attorney General Raoul from pursuit of the claims against Spark Energy and Spark Energy Gas in the Circuit Court of Cook County, Illinois, which the Attorney General is pursuing in violation of the Plaintiffs' due process rights; and

- award the Plaintiffs compensatory and punitive damages, plus interest, costs, attorneys' fees, and any other relief to which the Plaintiffs are entitled.

**COUNT II**
**42 U.S.C. § 1983**
**Due Process - Fourteenth Amendment**
**Plaintiffs v. Defendant, in his official capacity**

60. The Plaintiffs incorporate by reference paragraphs 1 through 52 of this Complaint.

61. Under the Fourteenth Amendment, a State cannot subject a citizen to a criminal, quasi-criminal, or punitive action pursued by a state actor lacking sufficient neutrality and impartiality.

62. Attorney General Raoul's use of private, contingent-fee law firms in the action against Spark Energy and Spark Energy Gas violates the due process rights of Spark Energy and Spark Energy Gas under the Fourteenth Amendment.

63. Attorney General Raoul's pursuit of punitive actions, like the one he, in coordination with the SPAAGs, is pursuing against Spark Energy and Spark Energy Gas, in order to raise revenue to fund his own office's operations and to otherwise add to State coffers, violates the due process rights of Spark Energy and Spark Energy Gas under the Fourteenth Amendment.

64. Attorney General Raoul, in coordination with those private contingent-fee law firms, is pursuing claims against the Spark entities despite Attorney General Raoul's prior release of those claims.

65. Attorney General Raoul's improper use of private law firms has also deprived Major Energy of its due process rights because it has been deprived of the benefit of its settlement of the Attorney General's claims against Major Energy.

WHEREFORE, the Plaintiffs request that the Court enter judgment in favor of the Plaintiffs and against the Defendant and:

- declare Attorney General Raoul's use of private contingent-fee lawyers as counsel in Attorney General Raoul's pursuit of claims against Spark Energy and Spark Energy Gas unconstitutional, in violation of the Fourteenth Amendment's due process clause;

- enjoin Attorney General Raoul from the use of private law firms as counsel to pursue or assist in the pursuit of Attorney General Raoul's claims against Spark Energy and Spark Energy Gas;

- enjoin Attorney General Raoul from pursuit of the claims against Spark Energy and Spark Energy Gas in the Circuit Court of Cook County, Illinois, which the Attorney General is pursuing in violation of the Plaintiffs' due process rights; and

- award the Plaintiffs attorneys' fees and any other relief to which they are entitled, all at the Defendant's cost.

### Jury Demand

66. Plaintiffs hereby respectfully demand a trial by jury.

Date: August 26, 2025

Respectfully submitted,

*/s/ Kevin P. Allen*
Kevin P. Allen
DUANE MORRIS LLP
625 Liberty Ave., Suite 1000
Pittsburgh PA 15222
Tel: (412) 497-1000
*kpallen@duanemorris.com*
**Counsel for Plaintiffs**

11

## CERTIFICATE OF SERVICE

I, Kevin P. Allen, an attorney, certify that on August 26, 2025, I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Darren Kinkead
**ILLINOIS ATTORNEY GENERAL'S OFFICE**
115 South La Salle Street
Chicago, Illinois 60603
Telephone: (773) 590-6967
Email: darren.kinkead@ilag.gov

*/s/ Kevin P. Allen*
Kevin P. Allen