IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

**SPARK ENERGY, LLC, SPARK ENERGY GAS, LLC, and MAJOR ENERGY ELECTRIC SERVICES LLC,**

*Plaintiffs,*

v.

**KWAME RAOUL**, in his individual capacity and in his official capacity as the Attorney General of the State of Illinois,

*Defendant.*

Case No. 1:25-cv-01190-JEH-RLH

Hon. Johnathan E. Hawley

### PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STAY

A stay of these proceedings is not warranted. "In deciding whether to enter . . . a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). A party moving for the stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Radio Corp. of America v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* (citing *Landis*, 299 U.S. at 255).

Plaintiffs commenced this action seeking relief from this court because of the Plaintiffs' contention that Attorney General Raoul has violated, and continues to violate, Plaintiffs'

constitutional due process rights by using private, profit-seeking, contingency-fee law firms to prosecute punitive civil claims in state court. Rather than answer the allegations, the Attorney General seeks an indefinite stay of this action.[1] Thus, Attorney General Raoul seeks to stop this action in its tracks while he continues to pursue the state court action that the Plaintiffs contend violates their federal constitutional rights.

The inequity of that proposed approach is obvious. If the Court were to grant the Attorney General's Motion and stay this case, Plaintiffs would suffer undue prejudice. The purpose of the action is to call a halt to the Attorney General's infringement of the Plaintiffs' constitutional rights. If the Court grants an indefinite stay, the Attorney General will be unencumbered to continue his unconstitutional actions.[2]

There is no way to know when the Seventh Circuit will issue an opinion in the *Sparger-Withers* matter. Furthermore, the non-prevailing party could seek *certiorari* from the United States Supreme Court, further delaying a final resolution of that action. By the time that the Seventh Circuit, and then potentially the United States Supreme Court, resolve that separate matter, the injury that Plaintiffs seek to prevent could be an irreparable *fait accompli*.

Moreover, it is possible that the Seventh Circuit limits its holding in *Sparger-Withers* to the specific facts or otherwise fails to address the contentions at issue in this lawsuit. For example, as

---

[1] Attorney General Raoul's response to the Plaintiffs' Amended Complaint is overdue. The Plaintiffs filed the Amended Complaint on August 26, 2025. The Attorney General's response was due on September 16, 2025. *See* August 13, 2025 Text Order ("the Defendant's deadline to file an *answer* or other *responsive pleading* is now due by 9/16/2025") (emphasis added). The Attorney General neither answered the Amended Complaint nor filed a responsive pleading. The Attorney General failed to comply with the Court's Order, and the Motion to Stay does not satisfy Fed. R. Civ. P. 12.

[2] If the Court is inclined to grant the Attorney General's request to stay the case, then Plaintiffs respectfully request that the Court condition the stay in this federal action on the Attorney General staying his prosecution of Plaintiffs in the state action.

the Attorney General notes in his Motion, the Seventh Circuit could find that the due process claim in *Sparger-Withers* is moot. *See* Def.'s Motion to Stay at 10 (ECF No. 13); *see also Amya Sparger-Withers v. Taylor,* 628 F. Supp. 3d 821 (S.D. Ind. 2022) (denying defendant's motion to dismiss for lack of jursidiction and rejecting defendants' argument that the matter was moot in accordance with the "inherently transitory" exception for class action cases). In that scenario, the Seventh Circuit's opinion in *Sparger-Withers* would not help to resolve the dispute in this matter.

Finally, the position that Attorney General Raoul advocates here - that the Due Process Clause of the United States Constitution imposes *no* limits on the government's use of private, profit-seeking, contingency-fee law firms to prosecute *civil or criminal matters* — is extreme and plainly inconsistent with longstanding principles of constitutional law. *See, e.g., Young v. United States,* 481 U.S. 787, 807 (1987) (reaffirming *Marshall* and holding that the trial court's appointment of private counsel with a financial interest in the matter to serve as special counsel to prosecute a criminal contempt was impermissible); *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980) (holding that the due process clause "entitles a person to an impartial and disinterested tribunal in both civil and criminal cases"); *Connally v. Georgia*, 429 U.S. 245 (1977); *Ward v. Village of Monroeville*, 409 U.S. 57 (1972); *Tumey v. Ohio*, 273 U.S. 510 (1927); *County of Santa Clara v. Superior Court of Santa Clara County*, 235 P.3d 21 (Cal. 2011) (holding that, in criminal actions, it is never permissible to use contingent-fee lawyers as prosecutors); *Clancy v. Superior Court of Riverside County*, 705 P.2d 347 (Cal. 1985) (holding that that state government's use of contingent-fee lawyers was unconstitutional); *see also, e.g.,* MARTIN H. REDISH, *Private Contingent Fee Lawyers and Public Power: Constitutional and Political Implications*, 18 Sup. Ct. Econ. Rev. 77, 84 (2010) ("by creating potentially distorting private incentives for those who exercise the coercive power of the state, the contingency fee practice removes the protections

assured to defendants politically by the social contract that inheres in liberal democracy and constitutionally by the Due Process Clause"); DAVID E. DAHLQUIST, *Inherent Conflict: A Case Against the Use of Contingency Fees by Special Assistants in Quasi-Governmental Prosecutorial Roles*, 50 DePaul L. Rev. 743, 780 (Winter 2000) ("The concept of allowing a Special Assistant to profit from a contingency fee contract is as absurd as allowing the Attorney General himself to receive a payoff for each fraudulent business he successfully challenges or each criminal conviction obtained."); CARY SILVERMAN AND JONATHAN WILSON, *State Attorney General Enforcement of Unfair or Deceptive Acts and Practices Laws: Emerging Concerns and Solutions*, 65 Kansas L. Rev. 209, 210 (2016) (stating that Attorney Generals' use of contingent-fee private lawyers to pursue unfair trade practice cases "pose[s] a threat to good government, sound public policy, and due process"). According to the untenable and extraordinary position that the Attorney General now advances, the government could use private, profit-seeking, contingency-fee law firms to prosecute civil or criminal matters. The government could also offer financial incentives, or bonuses, for criminal convictions, a concept plainly at odds with the neutrality doctrine and constitutional law.

Accordingly, Plaintiffs respectfully request that the Court deny the Attorney General's Motion to Stay.

September 30, 2025                                          Respectfully submitted,

                                                            **DUANE MORRIS LLP**

                                                            */s/ Kevin P. Allen*
                                                            Kevin P. Allen
                                                            625 Liberty Avenue, Suite 1000
                                                            Pittsburgh, PA 15222
                                                            Telephone: (412) 497-1000
                                                            kpallen@duanemorris.com

4

Gerald L. Maatman, Jr.
Ryan Garippo
George J. Schaller
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: (312) 499-6701
gmaatman@duanemorris.com
rgarippo@duanemorris.com
gschaller@duanemorris.com

*Counsel for Plaintiffs Spark Energy, LLC*
*Spark Energy Gas, LLC, and Major Energy*
*Electric Services LLC*

5

## CERTIFICATE OF SERVICE

    I, Kevin P. Allen, certify that on September 30, 2025, I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF system and served on all counsel of record.

                                                    */s/ Kevin P. Allen*
                                                     Kevin P. Allen