## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

SPARK ENERGY, LLC et al.,

      Plaintiffs,

v.

KWAME RAOUL, in his individual
capacity and in his official capacity as the
Attorney General of the State of Illinois,

      Defendant.

No. 1:25-cv-01190-JEH-RLH

Honorable Jonathan E. Hawley

## THE ATTORNEY GENERAL'S REPLY IN
## FURTHER SUPPORT OF HIS MOTION TO STAY

Spark and Major do not offer any persuasive reason why the Court and parties should press forward with this litigation—attempting to predict how the Seventh Circuit will rule in *Sparger-Withers* rather than simply waiting for that court to decide whether the due process clause imposes any restrictions on the Attorney General's use of contingency fee lawyers in civil enforcement actions. To the contrary, Spark and Major prove the Attorney General's point: they spend almost two pages—close to half their response—arguing the merits of their constitutional theory. ECF 14 at 3-4. But, as the Attorney General explained, he takes the opposite view—and *Sparger-Withers* is likely to decide who has it right. ECF 13 at 13.[*]

Why should the Court devote its scarce resources to duplicating the Seventh Circuit's efforts? Spark and Major speculate about scenarios where *Sparger-Withers* "fails to address the contentions at issue in this lawsuit." ECF 14 at 2. But there can be no serious question that

---

[*] Page numbers refer to the ECF numbering at the top of the page rather than the original numbering at the bottom of the page.

staying these proceedings pending the Seventh Circuit's decision at least has ***real potential*** to "'reduce the burden of litigation on the parties and on the court'" and "'simplify the issues in question.'" *Laufer v. T & C Inn, LLC*, No. 20-cv-3237, 2021 WL 5097572, at *1 (C.D. Ill. Nov. 2, 2021). And real potential is all that is required. *E.g.*, *Wyllie v. Flanders Corp.*, No. 21-cv-3078, 2021 WL 2283737, at *3-4 (C.D. Ill. May 28, 2021) (staying proceedings where a pending Seventh Circuit decision "***could***" "materially affect" plaintiff's claims) (emphasis added); *Roberts v. Graphic Packaging International, LLC*, No. 21-CV-750-DWD, 2021 WL 3634172, at *2 (S.D. Ill. Aug. 17, 2021) (staying proceedings because "***should*** the Seventh Circuit determine in *White Castle* that BIPA claims only accrue once – and on the date of the first alleged BIPA violation, [as] opposed to the final alleged violation – this ***could*** play a significant part in determining the rights of the parties and guide the litigation here") (emphasis added).

Spark and Major worry that, even if *Sparger-Withers* might prove helpful, "[t]here is no way to know when the Seventh Circuit will issue an opinion." ECF 14 at 2. But that's true of every appeal—so, on its own, this observation can't logically justify denying the Attorney General's motion to stay these proceedings (otherwise such a motion could never be granted). Besides, there's no reason to fear that the wait will be substantial: the Seventh Circuit heard argument in *Sparger-Withers* almost a year ago, which means that its opinion could issue any day now. *See, e.g., Laufer*, 2021 WL 5097572, at *1 ("the Court does not anticipate a significant stay as the Seventh Circuit has already heard arguments on the case"); *Fleury v. Union Pacific Railroad Co.*, No. 20 C 390, 2021 WL 2588752, at *3 (N.D. Ill. June 23, 2021) ("prejudice to Plaintiff is not undue" where Seventh Circuit appeal is "set for oral argument" in three months and therefore stay "will be of limited duration").

2

Spark and Major insist that it would be unfair "to stop this action in its tracks while [the Attorney General] continues to pursue the state court action that the Plaintiffs contend violates their federal constitutional rights." ECF 14 at 2. But Spark is urging the state court to dismiss the Attorney General's consumer fraud claims based on this same constitutional theory. ECF 13 at 8; ECF 13-1; ECF 13-2; ECF 13-3. And the state court will soon hear argument on Spark's motion to dismiss. ECF 13-4. So this federal litigation isn't the only opportunity Spark has to vindicate its supposed due process rights and put an end to the Attorney General's state court action.

Which makes it all the more puzzling why Spark and Major want this Court to "condition the stay in this federal action on the Attorney General staying his prosecution of Plaintiffs in the state action." ECF 14 at 2 n.2. All that will accomplish is to (temporarily) deprive Spark of **both** forums in which it is pressing its constitutional claim—rather than only this one. In any event, Spark and Major cite no authority for their demand. And, unlike the demand itself, this lack of authority makes sense. The question whether the state court action should be stayed is a decision committed to the state court's discretion; the parties cannot force the state court to stay the Attorney General's consumer fraud claims simply because they decide among themselves that it suits them. *E.g.*, *Vasa North Atlantic Insurance Co. v. Selcke*, 633 N.E.2d 865, 868, 261 Ill. App. 3d 626, 628 (1st Dist. 1994) ("power of [an Illinois] trial court to stay proceedings is an attribute of its inherent power to control the disposition of cases before it" and thus "trial courts are afforded discretion in issuing stay orders").

Finally, Spark and Major announce their view that the Attorney General's response to their amended complaint "is overdue" because, on September 16, he filed his motion to stay rather than an "answer or other responsive pleading" as required by the Court's text orders of August 13 and August 27. ECF 14 at 2 n.1. But it's not clear what Spark and Major want the

3

Court to do with this information. Wisely, they do not contend that the Attorney General's supposed failure to respond to the amended complaint amounts to one of the "extreme situations" where "a party wilfully disregards pending litigation" and thus may be subject to entry of default. *Sun v. Board of Trustees of the University of Illinois*, 473 F.3d 799, 811 (7th Cir. 2007); *see Dixon v. Falcon Heights Condominium Association*, No. 1:12-cv-00439-CL, 2012 WL 13047783, at *1 (D. Or. Apr. 5, 2012) (explaining that "it is common for courts to consider" motions to stay "prior to the filing of an answer or other responsive pleading" and therefore plaintiff's "motions for entry of default are inappropriate and must be denied").

Regardless, the Attorney General's answer or responsive pleading is not overdue. As Judge Lawless held just a few days ago, a motion to stay "extends the time for filing a responsive pleading until the motion to stay is decided." *Petefish, Skiles & Co. v. Meads-Maes USA Chiren Joint Venture Co.*, No. 24-cv-3250, 2025 WL 2754549, at *3-4 (C.D. Ill. Sept. 26, 2025); *see* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1360 (explaining that federal courts "traditionally have entertained certain ***pre-answer motions*** that are not expressly provided for by the rules or by statute" including "motions to stay") (emphasis added). This rule makes good sense. In *Vaughan v. Biomat USA, Inc.*, No. 1:20 CV 04241, 2020 WL 6262359, at *2 (N.D. Ill. Oct. 23, 2020), for example, the court granted defendants' motion to stay proceedings pending a decision by the Illinois Appellate Court and rejected plaintiff's argument that defendants "should have filed a responsive pleading before filing the motion to stay." The court explained that defendants intended to move to dismiss the complaint based on the same issue being decided by the Illinois Appellate Court—and therefore there was "little value in asking them to elaborate upon their position in a motion to dismiss, or in asking Plaintiff to respond to such a motion,

when the arguments raised by the parties might change in response to the Illinois Appellate

Court's anticipated decision." *Id.* Just so here.

For all these reasons, as well as those set forth in his motion, ECF 13, the Attorney

General respectfully moves the Court to stay this action pending the Seventh Circuit's decision in

*Sparger-Withers*.


Dated: October 7, 2025                                    Respectfully submitted,

                                                          /s/ Darren Kinkead
                                                          Darren Kinkead
                                                          Office of the Attorney General
                                                          115 South LaSalle Street
                                                          Chicago, IL 60603
                                                          (773) 590-6967
                                                          Darren.Kinkead@ilag.gov